GE ENGINE SERVICES UNC HOLDING I, INC.; UNC Pacific Airmotive Corporation, Plaintiffs—Appellants,

v.

CENTURY INDEMNITY COMPANY; Hartford Accident & Indemnity Company; Travelers Indemnity Company; Travelers Casualty & Surety Company; Allstate Insurance Company; Northbrook Insurance, Defendants—Appellees.

No. 01–57102.

D.C. No. CV–01–02551–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 12, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

GE Engine Services UNC Holding I Inc. ("UNC") and UNC Pacific Airmotive Corporation ("UNC–PAC") (collectively "Plaintiffs") appeal the district court's grant of judgment on the pleadings in favor of Century Indemnity Company, the Hartford Accident and Indemnity Company, the Travelers Indemnity Company, the Travelers Casualty and Surety Company, Allstate Insurance Company, and Northbrook Insurance (collectively "Insurers"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dismissals under Federal Rule of Civil Procedure 12(c) are reviewed de novo. *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir.1998). A judgment on the

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Id.*

This diversity case is governed by California law. Under California law, insurance policies do not cover damages that occur to companies that are acquired by an insured after the policy has expired. *Armstrong World Indus., Inc., v, Aetna Cas. & Sur. Co.,* 45 Cal.App.4th 1, 52 Cal. Rptr.2d 690 (Cal.Ct.App.1996); *Cooper Cos., Inc. v. Transcontinental Ins. Co.,* 31 Cal.App.4th 1094, 37 Cal.Rptr.2d 508 (Cal. Ct.App.1995). Here, all of the Insurers' polices expired prior to UNC's acquisition of UNC–PAC. UNC's liability for UNC–PAC's actions and property are derived solely as a result of its acquisition of the latter. Accordingly, coverage was properly denied under the Insurers' policies.

AFFIRMED.